IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Theresa Marie Miller          :

    Plaintiff          :

    v.          : Case No. 3:15-CV-501

Carolyn V. Colvin          : (Judge Richard P. Conaboy)
Acting Commissioner of
Social Security          :

    Defendant          :

FILED
SCRANTON

FEB 19 2016

DEPUTY CLERK

Memorandum

We consider here Plaintiff's counsel's Motion for Attorney's
Fees (Doc. 18) incident to his successful effort on behalf of his
client in this claim for Social Security Disability Benefits.  The
Government remanded this matter for further consideration after
Plaintiff's counsel briefed its position (Docs. 18-19) citing
various reasons why the Appeals Council's initial decision on this
matter was flawed.  The Government does not contest that Plaintiff
was a "prevailing party", a status that entitles Plaintiff's
counsel to reasonable fees and costs under the Equal Access to
Justice Act ("EAJA"), 28 U.S.C. § 2412.  The Government does
contest, however, the amount of attorney's fees requested by
Plaintiff's counsel.

Plaintiff's motion initially sought an award of $9,309.04 in
attorney's fees and $50.00 in expenses for a total of $9,359.04.
The Government objects to payment in this amount for various

1

reasons provided in its brief (Doc. 20) including: (1) this is a "typical" Social Security case in which Plaintiff's counsel seeks a fee far above the average of $5,449.38 requested in such cases; (2) the length of the administrative transcript (672 pages) in this matter was not unusual; (3) an excessive amount of attorney time was billed for purely clerical tasks; (4) an excessive amount of attorney time was expended in preparation of Plaintiff's counsel's brief and (5) an excessive amount of time was billed for preparation of the EAJA petition.

The Court has little interest in the amount of fees billed in an "average" Social Security case since that concept is highly amorphous. The Court is equally unimpressed that the length of the administrative transcript in this case provides any basis to reduce the attorney's fees sought here. The other Government contentions merit individual attention.

The Government's contention that Plaintiff's counsel billed an inordinate amount of time for "clerical and overhead tasks" (Doc. 20 at 6) is itemized as they were described on Plaintiff's counsel's billing records. (Doc. 20 at 9). Certainly it is true that an attorney may not reasonably bill for time for administrative tasks that could be performed by non-lawyers. See, e.g., Walton v. Massanoir 177 F.Supp 2.d 359, 361 (E.D. Pa. 2001); also Bieler v. Bowen, 675 F.Supp. 200, 204 (D.N.J. 1987). Specifically, hours expended by attorneys doing such tasks as

docketing, effecting service, and preparing client letters are purely clerical tasks that should not be included in an EAJA fee award.   Debose v. Apfel, 2000 WL 298927.  (E.D. Pa. 2000).  With these precepts in mind, the Court has determined that the following time entries will not be compensable or only partially so:

> 2/3/15 income referral acknowledgment letter .1 hour;
>
> 3/19/15 review various forms 1.1 hours;
>
> 7/2/15 correspondence to referral source .5 hours; and
>
> 8/7/15 federal court remand referral back to referral source .3 hours

The Court concludes that all correspondence generated to or for the "referral source" had no real connection to advancing Plaintiff's cause and are, thus, non-compensable.  The Court also concludes that, as the Government suggests, the entry styled "review various forms" should be reduced from 1.1 hours to .5 hours.  Thus, our consideration of these four time entries convinces the Court that a reduction of 1.5 hours of attorney time is appropriate in relation thereto.   The Court finds all other time entries challenged on this ground to be legitimate and compensable.

The Government also challenges the amount of paralegal time

expended on various tasks.  (Doc. 20 at 10-11).  To the extent these tasks were calculated to make the attorney's work more time efficient in furtherance of his client's cause, we shall make no deduction.  However, entries regarding phone calls and correspondence to the client regarding "status of debt check" (2/3/15 and 2/16/15) totaling .3 hours seem to the Court unrelated to the underlying Social Security Disability claim and, hence, not compensable.  Similarly, the Court does not regard various communications with the "referral source" (2/8/15 and 8/7/15) to be within the scope what is compensable under the EAJA and will deduct a total of .7 hours on this account.  Finally, the Court has no inkling what the time entries of August 7, 2015 styled "create lead attorney 1695" concern. Since Plaintiff's counsel has offered no explanation as to what these time entries entail, the Court will disallow a total of 1 hour of paralegal time regarding these entries.  Thus, a total of 2 hours of paralegal time will be stricken.

The Government's principal complaint concerns the amount of attorney time spent preparing Plaintiff's counsel's Brief. (Doc. 20). The Government characterizes the Plaintiff's brief as involving uncomplicated issues and as one essentially unchanged from that previously submitted to the Appeals Council.  The Government urges the Court to reduce Plaintiff's claim from 32.6 hours of attorney time to 10 hours due to its similarity to filings

4

submitted to the Appeals Council and its "most minimal legal insight". (Doc. 20 at 17). The Court must observe that it is virtually inevitable that the arguments presented to the Appeals Council will be reprised in Federal Court. The Court will also observe, having read Plaintiff's counsel's brief, that it was logically arranged, well-documented and skillfully written. The Court does not suppose that the Government's decision to "voluntarily" remand this matter was unrelated to the clarity and force of the arguments presented in Plaintiff's counsel's brief. In considering whether and how much to reduce the compensable time for preparation of the brief in question, the Court has reviewed the Plaintiff's Reply Brief (Doc. 21) in which it is suggested that the attorney's time be reduced to 20 hours due to physical handicaps that limit the pace at which she can work. Having reviewed many of these cases over many years, the Court finds that 20 hours would be a reasonable amount of time to expend preparing the Plaintiff's counsel's brief in this matter and will authorize payment for that time - - some 12.6 hours less than that Plaintiff originally requested.

Finally, the Court simply disagrees with the Government's argument that 1.2 hours of attorney time plus 2.1 hours of paralegal time in preparation of the EAJA fee petition and supporting documents was excessive. No reduction will be allowed on this account.

**Conclusion:**

Plaintiff's counsel's request for attorney's fees and costs in the amount of $9,359.04 will be granted subject to the aforementioned reductions totally $2,929.76.[1]  The Court finds that Plaintiff's counsel is entitled to an EAJA award in the amount of $6,429.28.  An Order to this effect will be issued contemporaneously with this Memorandum.

BY THE COURT

_____
Honorable Richard P. Conaboy
United States District Court

Dated:   2-19-16
_____

---

[1] The value of attorney time will be calculated at $193.60 per hour, a rate the parties find acceptable. (See Doc. 21 at 8).  Paralegal time is valued at $100.00 per hour.